**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN LYDA,<br>　　　　Plaintiff,<br>　v.<br>CBS INTERACTIVE, INC.,<br>　　　　Defendant. | Case No. 16-cv-06592-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH PREJUDICE, AND DENYING REQUEST FOR ATTORNEYS' FEES AND SANCTIONS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 16 |

Now before the Court for consideration is the motion to dismiss filed by CBS Interactive, Inc. ("Defendant"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and it found the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth herein, the Court GRANTS Defendant's motion to dismiss, with prejudice.

**BACKGROUND**

In 2014, Plaintiff filed a complaint, which he subsequently amended, against Defendant and CBS Corporation ("CBS") in the United States District Court for the Southern District of New York. In that case, Plaintiff alleged Defendant and CBS infringed United States Patent No. 7,434,243, Response Apparatus Method and System (the "'243 Patent") and United States Patent No. 7,730,506, Method and Apparatus for Response System (the "'506 Patent") ("*Lyda I*"). (*See* Dkt. No. 1, Compl. ¶ 9; Dkt. No. 16-1, Declaration of Ehsun Forghany ("Forghany Decl."), ¶¶ 2-3, Ex. 1 (*Lyda I* Complaint), Ex. 2 (*Lyda I* Amended Complaint).)

On July 16, 2015, the *Lyda I* court dismissed the amended complaint for failure to state a claim, and it denied Plaintiff leave to file a second amended complaint. (Forghany Decl., ¶ 4, Ex. 3 (Opinion and Order at 6-9).) The United States Court of Appeals for the Federal Circuit

affirmed. *See Lyda v. CBS Corporation*, 838 F.3d 1331 (Fed. Cir. 2016) (*"Lyda I"*).[1]

On November 14, 2016, Plaintiff filed his Complaint in this action, in which he asserts four claims for relief against Defendant based on alleged infringement of the '243 Patent and the '506 Patent. Plaintiff's allegations of infringement in this case, as in *Lyda I*, are premised on voting by the viewing audience of the television show "Big Brother."

> According to the patents, audience members of game shows or reality programs often use input devices to electronically vote in response to cues during the shows. In particular, the '243 and '506 patents cover methods and systems for obtaining real time responses to remote programming' by allowing persons viewing or listening to a broadcast to respond to the broadcast in real time without requiring a personal computer.

*Lyda I*, 838 F.3d at 1334.

Plaintiff alleges that *Lyda I* put Defendant on notice of claim 8 of the '243 Patent and claim 1 of the '506 Patent. Plaintiff alleges that, notwithstanding that notice, Defendant continued to broadcast Big Brother, including permitting voting by the audience, and thereby induced infringement "of the aforementioned patents by conducting most of the steps of method claims and inducing the television audience to become direct infringers." (Compl. ¶¶ 9-10, 15-16, 19-20.)

## ANALYSIS

**A.    Applicable Legal Standard.**

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Under

---

[1]    The issues presented to the Federal Circuit were whether Plaintiff's complaint satisfied the pleading requirements set forth in Form 18 of the Appendix of Forms, which accompanied, now abrogated, Federal Rule of Civil Procedure 84. The Federal Circuit also considered whether claims of joint infringement should be measured by the pleading requirements set forth in Form 18 or whether they should be judged by the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2006) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Lyda I*, 838 F.3d at 1338-39. The court held that, as with claims for induced or contributory infringement, claims of joint infringement should be governed by the *Twombly* and *Iqbal* standards. *Id.* at 1339.

Plaintiff agreed at oral argument that he was proceeding against CBS and Defendant on a "joint infringement theory of direct infringement," and the Federal Circuit also concluded that each of Plaintiff's claims "implicates joint infringement." It then found that Plaintiffs' allegations were not sufficient under *Twombly* and *Iqbal* and affirmed the district court's decision to dismiss the case with prejudice. *Id.* at 1339-41.

Rule 12(b)(6), the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Ordinarily affirmative defenses may not be raised by motion to dismiss, … but this is not true when, as here, the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (citations omitted).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, the Court may consider documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice, without converting a motion to dismiss into a motion for summary judgment. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).[2]

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th

---

[2] Defendant requests that the Court take judicial notice of the pleadings and orders filed in connection with *Lyda I*. Plaintiff has not objected to Defendant's request. Because the Court may take judicial notice of the existence of those documents, it grants Defendant's request. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); Fed. R. Evid. 201.

3

Cir. 1990).

**B. Plaintiff's Claims Are Barred by the Doctrine of Res Judicata.**

Defendant argues Plaintiff's claims are barred by res judicata, because they could have been raised in *Lyda I*. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). The doctrine of res judicata and collateral estoppel "is a rule of fundamental and substantial justice, of policy and of private peace, which should be cordially regarded and enforced by courts." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981).

The Ninth Circuit's test to determine whether the doctrine of res judicata applies is "well-established." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005); *see also Accumed v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) ("To the extent that a case turns on general principles of claim preclusion, as opposed to a rule of law having special application to patent cases, this court applies the law of the regional circuit in which the district court sits[.]"). The Court considers whether "'the earlier suit ... (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo*, 430 F.3d at 987 (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).

Plaintiff does not dispute that *Lyda I* reached a final judgment on the merits or that it involved identical parties. Thus, the only issue is whether Plaintiff raised or could have raised these claims in *Lyda I*. The Court analyzes this issue under Federal Circuit law. *See Accumed*, 525 F.3d at 1323. The Federal Circuit is guided by the approach set forth in the Restatement (Second) of Judgments, by which "a claim is defined by the transactional facts from which it arises." *Id.* It is undisputed that *Lyda I* involved the same patents and Plaintiff alleged Defendant infringed at least some of the same patent claims at issue in this case. In addition, Plaintiff's claims of infringement in *Lyda I* also are based on the voting procedures used in connection with Big Brother. (*See, e.g., Lyda I* Amended Complaint ¶¶ 6-8.) Plaintiff's current theory of liability is that Defendant induced infringement of the '243 and '506 Patents. *See* 35 U.S.C. § 271(b)

4

("Whoever actively induces infringement of a patent shall be liable as an infringer.").

In order "[t]o establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and knowingly aided and abetted another's direct infringement." *DSU Medical Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (internal quotations and brackets omitted). Plaintiff argues he could not have asserted these claims in *Lyda I*, because Defendant "was unaware of the patents-in-suit, and [Defendant] was incapable of knowingly inducing infringement without such knowledge." (Opp. Br. at 6:11-13.)

Plaintiff has not provided the Court with any authority to suggest that he was legally precluded from asserting Defendant induced infringement in *Lyda I*. The Federal Circuit has not directly addressed this issue.[3] However, courts have permitted claims based on induced infringement to go forward without pre-suit knowledge of a patent and have limited recovery to post-suit conduct. *See, e.g., Windy City Innovations LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1115-16 (N.D. Cal. 2016); *CAP Co., Ltd. v. McAfee, Inc.*, Nos. 14-cv-05068-JD, 14-cv-05071-JD, 2015 WL 3945875, at *4-5 (N.D. Cal. June 26, 2015); *Bascom Research LLC v. Facebook, Inc.*, Nos. 12-cv-6293-SI through 12-cv-6297-SI, 2013 WL 968210, at *3-4 (N.D. Cal. Mar. 12, 2013); *cf. Script Security Solutions, LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2015) (citing cases and noting majority view permits claims for induced infringement based on filing of lawsuit to establish knowledge); *Rembrandt Social Media LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 882 (E.D. Va. 2013) (noting split in district courts, but that majority view finds that "post-suit knowledge (i.e., knowledge provided by the filing of the lawsuit) satisfies the knowledge element for indirect infringement," and that consequence is a patent holder "may only recover damages for indirect infringement for the period of time that commences once the putative infringer learns of the patent"). In light of the lack of guidance from the Federal Circuit and the split in authority, Plaintiff had at least a colorable basis to allege the knowledge element of a claim

---

[3] In *In re Bill of Lading Transmission and Processing System Patent Litigation*, on which Defendant relies, the Federal Circuit found that the plaintiff sufficiently alleged claims for induced infringement. 681 F.3d 1323, 1345-45 (Fed. Cir. 2012). In at least two of the complaints, the plaintiff relied on the complaint to allege the defendant knew of the patent. *Id.* The court did not, however, directly hold that a complaint is sufficient to show a defendant has the requisite knowledge of a patent for purposes of induced infringement.

5

for induced infringement based on the filing of the complaint.

The Court's conclusion that Plaintiff's claims are barred is further supported by the fact Plaintiff's argument that Defendant was not aware of the patents-in-suit before he filed *Lyda I* is not supported by the record. In *Lyda I*, in order to support an allegation of willful infringement, Plaintiff alleged that "[o]n or about July 7, 2011, Defendant CBS Interactive was provided with the notice sent to Defendant CBS pointing out the patents-in-suit and informed that its activities were infringing the '243 and '506 Patents." Plaintiff also alleged that Defendant was a willful infringer because "it continued its infringing activities after being informed that those activities were infringing the patents-in-suit." (*Lyda I* Complaint ¶ 69.) Plaintiff reasserted those allegations in his amended complaint. (*Lyda I* Amended Complaint ¶ 71.)

Defendant also has submitted the letter referenced in the *Lyda I* Complaint as an exhibit. (Dkt. No. 22-2, Supplemental Declaration of Ehsun Forghany, ¶ 2, Ex. 7 (letter dated July 11, 2011.) Although the letter is sparse on details, Plaintiff stated that "at least claims 1 and 9 of the '243 patent and at least claims 1 and 7 of the '506 patent are being infringed by the texting of selections offered to the [Big Brother] audience." (*Id.*) Defendant acknowledged that it received the letter on July 28, 2011, and stated that it had "obtained copies of the patents and reviewed each of the claims of both" patents-in-suit. (*Id.*, ¶ 3, Ex. 8.)

The Court finds that the facts alleged in this case arise from the same set of transactional facts that gave rise to *Lyda I*. In addition, Plaintiff has not demonstrated that he was precluded from asserting claims of induced infringement, and the facts show he could have raised such claims in *Lyda I*.

Accordingly, the Court finds Plaintiff's claims are barred by the doctrine of *res judicata*.[4]

**C. The Court Denies, Without Prejudice, Defendant's Request for Attorney's Fees and Sanctions.**

Defendant has moved the Court for an award of attorneys' fees, on the basis that the case qualifies as an "exceptional" case under 35 U.S.C. section 285. In the alternative, Defendant seeks

---

[4] In light of this ruling, the Court does not reach Defendant's alternative argument regarding the sufficiency of the pleadings.

6

sanctions under 28 U.S.C. section 1927. The Court denies those requests, without prejudice. The Court's ruling is without prejudice to Defendant filing a properly noticed motion for fees and/or sanctions, within fourteen days after entry of judgment. *See* Fed. R. Civ. P. 54(d); N.D. L.R. 7-8(d). If Defendant moves for fees and costs under both Section 285 and Section 1972, it shall address the legal authority and standards supporting a request for fees and costs under both statutes. In addition, Defendant shall support any such motion with declarations and documentary evidence that sets forth the fees and costs it seeks to recover.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. Because leave to amend would be futile, the Court dismisses this case with prejudice. The Court shall issue a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 1, 2017

_____
JEFFREY S. WHITE
United States District Judge